# UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

|  |  |
|---|---|
| Plaintiff(s) | Case No. _____ |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | *(to be filled in by the Clerk's Office)* |
| **-v-** | Jury Trial: *(check one)* ☐ Yes ☐ No |
| Defendant(s) | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## THE DEFENDANT'S ANSWER TO THE COMPLAINT

**I.    The Parties Filing This Answer to the Complaint**

Provide the information below for each defendant filing this answer or other response to the allegations in the plaintiff's complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | _____ |
| Street Address | _____ |
| City and County | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address | _____ |

**II.    The Answer and Defenses to the Complaint**

**A.    Answering the Claims for Relief**

On a separate page or pages, write a short and plain statement of the answer to the allegations in the complaint.  Number the paragraphs.  The answer should correspond to each paragraph in the complaint, with paragraph 1 of the answer corresponding to paragraph 1 of the complaint, etc.  For each paragraph in the complaint, state whether: the defendant admits the allegations in that paragraph; denies the allegations; lacks sufficient knowledge to admit or deny the allegations; or admits certain allegations but denies, or lacks sufficient knowledge to admit or deny, the rest.

**B.    Presenting Defenses to the Claims for Relief**

Write a short and plain statement identifying the defenses to the claims, using one or more of the following alternatives that apply.

1.      The court does not have subject–matter jurisdiction over the claims because *(briefly explain why there is no federal–question jurisdiction or diversity–of–citizenship jurisdiction; see the complaint form for more information)*

_____

2.      The court does not have personal jurisdiction over the defendant because *(briefly explain)*

_____

3.      The venue where the court is located is improper for this case because *(briefly explain)*

_____

4.      The defendant was served but the process–the form of the summons–was insufficient because *(briefly explain)*

_____

5.      The manner of serving the defendant with the summons and complaint was insufficient because *(briefly explain)*

_____

6.      The complaint fails to state a claim upon which relief can be granted because *(briefly explain why the facts alleged, even if true, are not enough to show the plaintiff's right to recover)*

_____

7.      Another party *(name)* _____ needs to be joined (added) in the case.  The reason is *(briefly explain why joining another party is required)*

_____

Case No.   1:22-cv-00194-JJM-PAS     District Court, Civil Division

Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complaint

a.   If the basis for subject–matter jurisdiction is diversity of citizenship, state the effect of adding the other party:

The other party is a citizen of the State of *(name)* _____ .

Or is a citizen of *(foreign nation)* _____ . The amount of

damages sought from this other party is *(specify the amount)* _____ .

b.   If the claim by this other party is based on an alleged violation of a federal constitutional or statutory right, state the basis:

_____

## C.   Asserting Affirmative Defenses to the Claims for Relief

Identify an affirmative defense or avoidance that provides a basis for the defendant to avoid liability for one or more of the plaintiff's claims even if the basis for the claim is met.  Any affirmative defense or avoidance must be identified in the answer.  Include any of the following that apply, as well as any others that may apply.

The plaintiff's claim for *(specify the claim)*

_____

is barred by *(identify one or more of the following that apply)*:

1.   Accord and satisfaction *(briefly explain)*

_____

2.   Arbitration and award *(briefly explain)*

_____

3.   Assumption of risk *(briefly explain)*

_____

4.   Contributory or comparative negligence of the plaintiff *(briefly explain)*

_____

5.   Duress *(briefly explain)*

6.      Estoppel *(briefly explain)*

7.      Failure of consideration *(briefly explain)*

8.      Fraud *(briefly explain)*

9.      Illegality *(briefly explain)*

10.     Injury by fellow employee *(briefly explain)*

11.     Laches (Delay) *(briefly explain)*

12.     License *(briefly explain)*

13.     Payment *(briefly explain)*

14.     Release *(briefly explain)*

15.     Res judicata *(briefly explain)*

16.     Statute of frauds *(briefly explain)*

_____

17.     Statute of limitations *(briefly explain)*

_____

18.     Waiver *(briefly explain)*

_____

19.     Other *(briefly explain)*

_____

**D.     Asserting Claims Against the Plaintiff (Counterclaim) or Against Another Defendant (Cross–Claim)**

For either a counterclaim against the plaintiff or a cross–claim against another defendant, state briefly the facts showing why the defendant asserting the counterclaim or cross–claim is entitled to the damages or other relief sought.  Do not make legal arguments.  State how each opposing party was involved and what each did that caused the defendant harm or violated the defendant's rights, including the dates and places of that involvement or conduct.  If more than one counterclaim or cross–claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

1.      The defendant has the following claim against the plaintiff *(specify the claim and explain it; include a further statement of jurisdiction, if needed)*:

_____

2.      The defendant has the following claim against one or more of the other defendants *(specify the claim and explain it; include a further statement of jurisdiction, if needed)*:

_____

3.      State briefly and precisely what damages or other relief the party asserting a counterclaim or cross–claim asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons that are alleged to entitle the party to actual or punitive money damages.

Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complaint

a.    The defendant asserting the counterclaim or cross–claim against *(specify who the claim is against)*   WEBSTER BANK, NATIONAL ASSOCIATION   alleges that the following injury or damages resulted *(specify)*:
$130,000.00 as indicated
for maximum penalty in Section 10 of RESPA Violations.

b.    The defendant seeks the following damages or other relief *(specify)*:
FCRA entitles the party to actual or punitive money damages My home
currently has an estimated sale value on Zillow for $650,000.00 to
$705,000.00 and legal fees; estimation of of damages would be $725,000.00.
It appears this needs to be filed in Supreme Court .

## III.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:         07/07/2022

Signature of Defendant      Judith Pompei-Smith Electronic     *Judith Pompei-Smi*
Printed Name of Defendant   Judith Pompei-Smith

### B.    For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code

Telephone Number _____

E-mail Address _____

Case 1:22-cv-00194-JJM-PAS         United States District Court                **Page  1**

## ANSWER

I, Judith Pompei-Smith, the Defendant, ask the Honorable Judge to dismiss the above-referenced lawsuit, filed by the Plaintiff, Webster Bank, National Association  based on there was never a controversy. Please see <u>Exhibit  #1,  Exhibit  #2  and  Exhibit  #3</u>.

Eligibility for SCRA protection was verified by Webster Bank, RI Housing, and Attorney Erika Hoover, when they requested. Their verification process was completed directly with DOD.  I, Judith Pompei-Smith, the Defendant, did not provide Webster Bank, RI Housing, or Attorney Erika Hoover with any DOD documents.  Please see <u>Exhibit  #1,  Exhibit  #2  and  Exhibit  #3</u>.

The Plaintiff, Webster Bank provided Judith Pompei-Smith, the Defendant, with approximately four years of SCRA protection, from 2018 until May, 2022. The Defendant was shocked to receive a Summons filed by Webster Bank. Initially, the Defendant questioned if a Webster Bank employee who was not familiar with the Defendant's "Mortgage", had concerns, and forwarded Defendant's "Mortgage" account information to Attorney Brian Hughes, without all of the DOD documents. Please see Financial Activity with late fees, that Webster Bank credited to the Defendant's Mortgage account.  <u>Please see  Exhibit  #6</u>.

When the Defendant researched this further and read the "Note" and the "Mortgage" again, and confirmed a Mortgage "maturity date" of March 1, 2018, that reaches statutory limitation in several months, the Defendant's concern escalated.
Please see the "Note" and "Mortgage", <u>Exhibit  #4  and  Exhibit  #5</u>.

The Defendant now questions, if the Plaintiff, Webster Bank "created" this litigation case (Case No. 1:22-cv-00194-JJM-PAS) as a "tool to fraudulently foreclose" <u>before</u> the Defendant's Mortgage "maturity date" of March 1, 2018, <u>soon reaches the 5 year statue of limitation</u>?
Please see the "Note" and "Mortgage",  <u>Exhibit  #4  and  Exhibit  #5</u>.

Case 1:22-cv-00194-JJM-PAS          United States District Court          **Page  2**

## <u>FACTS</u>

**<u>Webster Bank's Revision To The "Payment Amount" In The Defendant's "Note":</u>**

On February 28, 2003, the Defendant, Judith Pompei-Smith entered into a <u>15-year</u>, <u>fixed</u> 4.875%  interest rate "Mortgage" and "Note," with First Federal Savings Bank (later taken over by Webster Bank) in the amount of $149,900.00. The "Note" indicates a "monthly payment" amount of $1,175.66 and a "maturity date" of:  pay the debt in full by March 1, 2018.
Please see the "Note" and "Mortgage", <u>Exhibit  #4  and  Exhibit  #5</u>.

As indicated in the "Note" with First Federal Savings Bank (later taken over by Webster Bank) the Defendant, Judith Pompei-Smith paid the Plaintiff, Webster Bank $1,175.66 every month, on time, for 11 and 1/2 years.   In addition, in December of 2015, the Defendant paid the Plaintiff, Webster Bank an additional Mortgage payment of $10,771.66.
Please see monthly Mortgage Statement's,  <u>Exhibit  #6.</u>

In March of 2013, after the Plaintiff, Webster Bank made a decision to begin processing the Defendant's property taxes and added an Escrow account, <u>the Plaintiff, Webster Bank increased the Defendant's monthly Mortgage payment's from $1,175.66 to $2,908.37</u>. A payment increase to $2,908.37 is close to (3 times the Payment Amount of $1,175.66) that is listed in the "Note".  Please see the "Note"  <u>Exhibit  #4</u>

In April of 2013, after the Plaintiff, Webster Bank increased the Defendant's monthly payment amount to $2,908.37, the Defendant's "Mortgage" went into default.  The excessive amount of Escrow money that the Plaintiff, Webster Bank requested to receive every month from the Defendant is a RESPA violation, Section 10.   The Plaintiff, Webster Bank advised the Defendant, that because the "Mortgage" was initially with First Federal Savings Bank, and First Federal Savings Bank suffered a lot of financial and legal consequences since then, Webster Bank could not change the "payment amount" again.   Please see <u>Exhibit  #7</u>

**To date, (July of 2022) the Defendant, Judith Pompei-Smith has paid the Plaintiff, Webster Bank $173,018.08 toward the $149,900.00 financed.** Please see Exhibit #8.

With the Defendant's full understanding regarding Escrow accounts, the Defendant explained to Webster Bank that her 2013-2014 house taxes were $7,367.82, and **which would require the monthly Mortgage payment to increase $613.98 per month, not an increase of $1,732.71 per month, as the Plaintiff, Webster Bank had increased it to**.  Please see Exhibit # 7.

Despite the Defendant, Judith Pompei-Smith only having 3 and ½ years left until the Mortgage would be paid in full, the Plaintiff, Webster Bank, continued to advise the Defendant, that Webster Bank was unable to change the monthly Mortgage payment from $2,908.37 back to $1,176.55.  Please see Exhibit #4,  Exhibit #6  and  Exhibit #7.

The Defendant, Judith Pompei-Smith, continued to invest in every option that became available to try to gain back her ability to pay the Mortgage. Thereafter, the Defendant completed five Mortgage Modifications. Every Mortgage Modifications was denied, based on a low credit score, due to Webster Bank reporting that no monthly payment was made each month, to the credit bureaus. Please see denied Mortgage Modifications. This is an FCRA violation by the Plaintiff, Webster Bank.  Please see  Exhibit #14

The Plaintiff, Webster Bank also shared with the Defendant several times, that because the "Mortgage" and "Note" were initially obtained with First Federal Savings / the "Investor" is First Federal Savings Bank and this will continue to appear on the decision of Defendant's Mortgage Modification, as "Investor not eligible", and the Plaintiff, Webster Bank will not be able to assist the Defendant with this. Please see Exhibit #9.

The Defendant, Judith Pompei-Smith noted, there has been a new message on the bottom of the Plaintiff, Webster Bank's monthly Mortgage Statement's regarding the Mortgage loan has

Case 1:22-cv-00194-JJM-PAS         United States District Court                    **Page  4**

"reached maturity". The message indicates:  **Your loan is past maturity, the payment amount and total payment amount disclosed is not a payoff**. Another message at the top left side of the statement indicates:  **If you want to stop receiving statements, write to us**. Please see  Exhibit  #10.


On **June 27, 2022**, on the Plaintiff, Webster Bank's online Financial Summary of the Defendant's Mortgage, continues to indicate that the Defendant's "Next Payment Due" is $2,908.37. This Financial Summary document provides evidence, that confirms, the Plaintiff, Webster Bank, continued to force the Defendant, Judith Pompei-Smith's Mortgage to remain in default. Please see the Plaintiff, Webster Bank Financial Summary,  Exhibit  #15.


In addition, without the Plaintiff, Webster Bank receiving approval from the Judge of this Court, regarding this case, the Plaintiff, Webster Bank has already changed the Defendant's Mortgage Status to "Foreclosure".  Please see  Exhibit  #11.


Please note, the Plaintiff, Webster Bank or Webster Bank's attorney posted this lawsuit (Case 1:22-cv-00194-JJM-PAS) on the Internet. Whereby, when someone Google's the Defendant's name (Judi Pompei Smith) this lawsuit appears on the computer monitor screen.


Three option's appear with (Webster Bank  v  Pompei-Smith) and when clicked on, each one takes the viewer to the Pacer website, the Dockets.Justia website, or the Law360 website. Please see the document with a print-screen view,  Exhibit  #12.


I, the Defendant, Judith Pompei-Smith, do not have a criminal record or anything on my driver's record and I respectfully ask, can the person who connected the Defendant's name, Judith Pompei-Smith to Google, with this case number attached, be advised to remove and disconnect the Defendant's name from the website link(s). Please see Exhibit  #12.


Judith Pompei-Smith, Defendant, Pro se
Date:  July 7, 2022

## ANSWERS

1.    This Court has jurisdiction over this civil action pursuant to 28
      U.S.C., 1331 as there is a federal question to be decided.
      **Defendant lacks sufficient knowledge to answer this question.**

2.    This judicial district is the appropriate venue for this civil action
      pursuant to 28 U.S.C., 1391, as the defendant is domiciled in
      the State of Rhode Island.
      **Defendant lacks sufficient knowledge to answer this question.**

3.    Webster Bank, National Association ("Webster Bank") is a national
      banking association having a principal place of business located in
      Stamford, Connecticut.
      **Defendant lacks sufficient knowledge to answer this question.**

4.    On information and belief, Judith Pompei-Smith ("Pompei-Smith")
      is a Rhode Island citizen having a usual place of abode located in
      Warwick, Kent County.
      **Defendant admits this is correct.**

5.    During all times relevant hereto, Pompei-Smith was and remains the
      fee simple owner of the real property known and numbered 370
      Larchwood Drive, Warwick, Kent County, Rhode Island (the "Property").
      **Defendant admits this is correct.**
      **Although, a Will had Steven M. Smith listed as a beneficiary.**

6.    A true and accurate copy of the deed establishing Pompei-Smith's title
      is attached hereto as <u>Exhibit A</u>.

      **Defendant admits this is correct.**

7.    On or about February 28, 2003, in consideration for a loan made
      by Webster Bank, Pompei-Smith executed a promissory note to Webster
      Bank that was secured by a mortgage on the Property (the "Mortgage").

      **Defendant admits this is correct.**

8.    A true and accurate copy of said Mortgage is attached hereto as
      <u>Exhibit B</u>.

      **Defendant admits this is correct.**

9.    On or about July 15, 2006 Pompei-Smith married Steven M. Smith.

      **Defendant admits this is correct.**

10.   At the time of the marriage, Steven M. Smith was a civilian and not
      serving in the military services of the United States or its allies.

      **Defendant admits this is correct.**

11.   Steven M. Smith was never granted any title to the Property.

      **Defendant denies this. Defendant believes this is irrelevant to
      the criteria required for eligibility of SCRA protection.**

12.   On or about February 2, 2009 Steven M. Smith enlisted in the United
      States Army.

      **Defendant admits this is correct.**

13.    On or about August 31, 2009, Pompei-Smith sued for divorce in the
       Kent County, Rhode Island Family Court.

        **Defendant admits this is correct.**

14.    On or about May 18, 2010, the Kent County, Rhode Island Family
       Court entered a final judgment of divorce in the case.

        **Defendant admits this is correct.**

        **Although, reconciliation occurred after Defendant filed for
divorce and again after received the Final Judgment.**

15.    A true and accurate copy of the Property Settlement Agreement produced
       in the divorce proceedings is attached hereto as <u>Exhibit C</u>.

        **Defendant admits this is correct.**

16.    Pursuant to the Property Settlement Agreement and other papers filed with
       the Kent County Family Court, no children were produced from the
       marriage of Pompei-Smith and Steven M. Smith.

        **Defendant denies this.**

        **This occurred after receipt of Final Judgment. Was verified on
12/02/2019 by Attorney Rebecca L. Washington at Orlans PC,
Webster Bank's legal counsel at that time. Please see Attorney
Rebecca L. Washington's verification letter.**

        **Please see <u>Exhibit  #2</u>**

        **Defendant will not include any personal information regarding
"family" members in this Court document or in a Courtroom.
Please see Defendant's name when typed on Google.**

        **Please see  <u>Exhibit  # 12</u>**

17.    Pursuant to the Property Settlement Agreement, Pompei-Smith retained
the Property free and clear of any claims of Steven M. Smith and she
remained solely responsible for paying the loan secured by the Mortgage.
Exhibit C, 11.

> **Defendant denies this. Defendant believes it's irrelevant to the
> criteria required for eligibility of SCRA protection.**
>
> **The Plaintiff, Webster Bank made it impossible for the Defendant
> to pay the last 3 and ½ years of the Mortgage after Webster Bank
> increased "Note" payment amount from $1,175.66 to $2,908.37,
> equal to 3 times the amount listed in the "Note". This is a RESPA
> violation, "Section 10".  Please see Exhibit  #4  and  Exhibit  #7**

18.    Pompei-Smith's marriage to and subsequent divorce from Steven M.
Smith resulted in no change to the Property's title or to the relationship
between Pompei-Smith and Webster Bank.

> **Defendant denies this. Defendant believes it's irrelevant to the
> required criteria for a dependant's eligibility of SCRA protection.
> Please see SCRA verification letter from Webster Bank,
> confirming their receipt of dependant's documents from DOD.
> Please see Exhibit  #1.**

19.    In 2014, Pompei-Smith ceased paying the loan according to its terms
and is delinquent for her January 1, 2014 payment.

> **Defendant denies this allegation.
> The Mortgage default occurred in April, 2013 after Webster Bank
> increased the monthly Mortgage payment, as listed in the "Note"**

**$1,175.66 to $2,908.37 equal to  (3 times the amount listed in the "Note").  Please see Exhibit  #4  and  Exhibit  #7.**

**When this occurred, the Defendant, Judith Pompei Smith had already paid Webster Bank $173,018.08 of the $149,900.00 Mortgage and there was only 3 and ½  years left, for the Mortgage to be paid in full.**
**Please see "Note", Exhibit # 4,  Exhibit # 7 and  Exhibit  #8.**

20.  As a result of her failure to pay the loan according to its terms, Webster Bank declared a default.

**Defendant denies this.**
**The Plaintiff, Webster Bank contacted RI Housing in November, 2013 to begin a Mortgage Modification.**
**The Plaintiff, Webster Bank then continued every year, sending RI Housing a Mortgage Modification letter.**
**The Plaintiff, Webster Bank denied 5 Mortgage Modifications, indicating that because the Defendant's Mortgage was initially with First Federal Savings Bank (the Investor is not eligible), so the Mortgage was not eligible to be modified. Webster Bank also listed a "low credit score" as a reason to deny every Mortgage Modification.**
**The Plaintiff, Webster Bank also reported the Defendant's Mortgage payment history to Credit Bureau's, which made it impossible for the Defendant to refinance with a different bank or mortgage lender.  The Plaintiff, Webster Bank listed a late fee to the Defendant's Mortgage Account every month, and then applied late fee credits to the Defendant's Mortgage account. The activity on the Plaintiff, Webster Bank and the Defendant,**

**Judith Pompei-Smith's monthly Mortgage Statement's and Customer Account Activity Statement's, confirms that Webster Bank was not in compliance with FCRA Regulations and is subject to FCRA violations and the damages Webster Bank caused to the Defendant subject to proceeding with a foreclosure. Please see late fees and late fees credited, Mortgage Modification denial letters and the Defendant's Credit Reports. Please see  Exhibit # 4,  Exhibit #6  and  Exhibit #14**

21.    On June 11, 2013 Pompei-Smith was discharged in bankruptcy in Chapter 7 Case No. 1:13-bk-10642, filed in the United States Bankruptcy Court for the District of Rhode Island. As a result, Webster Bank's remedies on default are limited to the real estate.

      **Defendant admits this is correct.**

22.    As a result of the default, Webster Bank sought to exercise its remedies to collect the amounts due, including the exercise of the statutory power of sale contained in the Mortgage and the foreclosure of Pompei-Smith's right of redemption to the Property.

      **Defendant admits this is correct.**

23.    Upon learning that Webster Bank was seeking to exercise its rights. Pompei-Smith asserted that she is a dependent of Steven M. Smith and therefore subject to the protections of the Servicemembers' Civil Relief Act ("SCRA").

      **Defendant denies this allegation.**

      **In 2018, while completing a Mortgage Modification at RI Housing, the woman the Defendant met with asked questions and then explained that she thought the Defendant may be eligible to**

**receive SCRA protection. She sent the Plaintiff, Webster Bank and the Defendant, Judith Pompei-Smith a letter that indicates RI Housing completed the SCRA verification and the Defendant was eligible. Prior to 2018, I, the Defendant, had no knowledge about SCRA protection. Please see <u>Exhibit #3</u>**

24. The purported basis for Pompei-Smith's assertion, as relayed by counsel to the United States Army, was that since Steven M. Smith assigned more than fifty percent (50%) of his income to Pompei-Smith that she qualifies as a dependent under the SCRA.

   **Defendant denies this allegation.**

   **I, the Defendant, was not involved with any of the qualifying or verification processes for SCRA protection. The letters I, the Defendant received from Webster Bank, RI Housing, and Attorney Rebecca L. Washington of Orlans PC, Webster Bank's legal counsel at that time, confirm the same.**

   **Please see <u>Exhibit #1, Exhibit #2  and  Exhibit #3</u>**

25. Pompei-Smith has stated directly to Webster Bank that she does not receive any income from Steven M. Smith.

   **Defendant denies this allegation.**

26. Webster Bank disputes that Pompei-Smith qualifies as a dependent under the SCRA, as she has not established that at least fifty percent (50%) of her income comes from Steven M. Smith.

   **Defendant denies this allegation.**

   **Please see the SCRA verification letter from Webster Bank and the 4 years of late fee "credits" to the Defendant's Mortgage Account with the Plaintiff, Webster Bank.**

   **Please see  <u>Exhibit #1 and Exhibit #13</u>**

27.  Webster Bank further disputes that Pompei-Smith is protected by the SCRA, as she has not established that the reason for her inability to pay the loan secured by the Mortgage is related to Steven M. Smith's service in the United States Army.

> **Defendant denies this allegation.**
>
> **Please see  Exhibit  #1  and  Exhibit  #13**

28.  The plaintiff realleges, reavers, and incorporates the foregoing paragraphs as if fully set forth herein.

> **Defendant denies this.**

29.  There is an actual controversy between the parties as to whether Pompei-Smith is subject to the protections of the SCRA.

> **Defendant denies this allegation.**
>
> **There was absolutely no controversy.**
>
> **Webster Bank sent the Defendant, Judith Pompei-Smith, a confirmation letter in 2018 indicating their receipt of documents from DOD and informed the Defendant that she was being protected under SCRA. Webster Bank continued their routine verification process and Webster Bank provided the Defendant, with SCRA protection from 2018 until May 13, 2022.**
>
> **Please see  Exhibit  #1  and  Exhibit  #13**
>
> **This statement above #29 makes it obvious, that Webster Bank's lawsuit Case No. (1:22-cv-00194-JJM-PAS) was fraudulently created in an effort to allow Webster Bank to move forward with a foreclosure because as indicated in the "Note" and "Mortgage" the "pay the debt in full no later than March 1, 2018"**

**the maturity date, has passed and will reach the statutory of limitations in 7 months**.

**Please see Exhibit's #1, #2,  #3, #4, #5, and  Exhibit #13**.


30.   Webster Bank is entitled to a declaration as to the rights of the parties relative to the SCRA.

> **Defendant denies this allegation.**
>
> **Defendant followed, as the Plaintiff, Webster Bank advised the Defendant to; by receipt of the Plaintiff's letter and seeing late fee "credit's" on every Webster Bank Mortgage Statement.**
>
> **There isn't a bank or financial lender who would provide SCRA protection to a  borrower for <u>(4) four years</u> and then suddenly question, if the borrower's eligibility was ever verified, and then try to sue a borrower for acting, as the Plaintiff, Webster Bank advised the Defendant to.**
>
> **This    lawsuit    Case    No.    (1:22-cv-00194-JJM-PAS)    is "unconscionable and unjust", an act of fraud and should be considered unenforceable.**
>
> **Please see <u>Exhibit #1, Exhibit #2, Exhibit #3 and Exhibit #13.</u>**


31.   Webster Bank is entitled to a declaration that it has the right to exercise its remedies against the Property, as described in the Mortgage and other loan documents.

> **Defendant denies this allegation.**
>
> **Defendant followed as the Plaintiff, Webster Bank advised her, the Defendant to.**

**There isn't a bank or financial lender who would provide SCRA protection to a borrower for <u>(4) four years</u> and then suddenly question, if they checked a borrower's eligibility and then try to sue a borrower for acting, as the Plaintiff, Webster Bank, advised the Defendant to.**

**This lawsuit Case No. (1:22-cv-00194-JJM-PAS) is "unconscionable and unjust", an act of fraud, and should be considered unenforceable.**

**The lawsuit is being falsely created, as an attempt to set me up to look like I committed a crime, so the Court will allow the Plaintiff, Webster Bank to foreclose.**

**The lawsuit is oppressive to the Defendant in a way that suggests abuse by the Plaintiff, Webster Bank. Webster Bank's cause and action of fraud is obviously based on the Mortgage "maturity date" of March 1, 2018 that will reach the "statue of limitations" in 7 months.**

**The lawsuit is "unconscionable and unjust" and should be considered unenforceable.**
**Please see <u>Exhibit  #1, Exhibit  #2, Exhibit  #3 and Exhibit  #13.</u>**

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the plaintiff, Webster Bank, National Association, respectfully requests that this Honorable Court enter an order pursuant to the Declaratory Judgment Act, 28 U.S.C., 2201 and the Servicemembers' Civil Relief Act, 50 U.S.C., 3901, et seq., declaring that the defendant Judith Pompei-Smith is not

subject to the protections of the Servicemembers' Civil Relief Act and that Webster Bank, National Association is not prohibited from exercising its remedies against the property known as 370 Larchmont Drive, Warwick, Kent County, Rhode Island.

**Defendant denies this.**

**Defendant followed as the Plaintiff, Webster Bank advised Defendant To and accepted the SCRA protection.**

**Even if aspects of the Complaint are answered correct or true, and I, the Defendant, Judith Pompei-Smith answered correct, the Defendant is not liable for any financial harm to the Plaintiff, Webster Bank.**

**One "has to question", would a bank or financial lender provide SCRA protection to a borrower for (4) four years and then suddenly question, if they verified a borrower's eligibility, and then try to sue a borrower, for accepting their action of providing SCRA protection?**

**This lawsuit Case No. (1:22-cv-00194-JJM-PAS) is being falsely created, it's the Plaintiff, Webster Bank trying to set me, the Defendant, to look like I, the Defendant committed a crime, to get the Court to allow them to foreclose on my home.**

**This lawsuit Case No. (1:22-cv-00194-JJM-PAS) is oppressive to the Defendant in a way that suggests abuse and fraud by the Plaintiff, Webster Bank. The Plaintiff, Webster Bank's cause and action of fraud, is obvious and is based on the Defendant's Mortgage "maturity date" of March 1, 2018 that will reach the "statue of limitations" in several months.**

**This lawsuit Case No. (1:22-cv-00194-JJM-PAS) is "unconscionable and unjust" and should be considered unenforceable.**

I, the Defendant, Judith Pompei-Smith, ask the Honorable Judge of this Court to dismiss this lawsuit, (Case No. 1:22-cv-00194-JJM-PAS).

Respectfully, I, the Defendant, submit the attached Exhibit's as evidence, to provide proof to the Honorable Judge of this Court to confirm that the Plaintiff, Webster Bank, knowingly caused the Defendant, Judith Pompei-Smith's "Mortgage" to default. Exhibit's also support that to date, the Plaintiff, Webster Bank, received more money than the amount Webster Bank loaned to the Defendant, Judith Pompei-Smith.

With confidence and respect, the Defendant asks the Honorable Judge to dismiss this case, with prejudice.

Submitted Electronically By,

Judith Pompei-Smith, Defendant, Pro se

Date:  July 7, 2022