UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WEBSTER BANK, NATIONAL ASSOCIATION, <br>   Plaintiff, <br><br> v. <br><br> JUDITH POMPEI-SMITH, <br>   Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. 1:22-cv-00194-JJM-PAS |

## STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Now comes the plaintiff Webster Bank, National Association ("Webster"), by and through its attorneys, who hereby submits its Statement of Undisputed Facts in support of its Moton for Summary Judgment, pursuant to Local Rule 56(a).

1. The defendant, Judith Pompei-Smith, at all times material hereto was a resident of Rhode Island. See the defendant's *Answer to Complaint* ("*Answer*"), *[Document 10] Page 12, ¶ 4*.[1]

2. The defendant, at all times material hereto, is and has been the sole owner in fee simple of the real property known and numbered 370 Larchwood Drive, Warwick, RI ("the Property"). *Answer [Document 10], Page 12, ¶ 5*. See also, *Quitclaim Deed* submitted herewith as *Exhibit 1*.

3. A true and accurate copy of the deed to the Property establishing the defendant's ownership is attached as Exhibit A to the Complaint. *Answer [Document 10], Page 13, ¶ 6*.

---
[1] To avoid confusion due to the numbering convention utilized by the defendant, Webster shall refer to the page numbers assigned by the PACER filing system when describing the defendant's Answer.

4. On or about February 28, 2003, in consideration for a loan made by Plaintiff to the defendant, the defendant executed a promissory note to Webster bank that was secured by a mortgage on the Property. *Answer [Document 10], Page 14, ¶ 13.* See also, *Mortgage to Webster Bank, N.A.* submitted herewith as *Exhibit 2*.

5. A true and accurate copy of the mortgage on the Property is attached to the Complaint as *Exhibit B*. *Answer [Document 10], Page 13, ¶ 8.*

6. On or about July 15, 2006, the defendant married Steven M. Smith ("Mr. Smith"). *Answer [Document 10], Page 13, ¶ 9.*

7. At the time of the marriage, Mr. Smith was a civilian and was not serving in the military services of the United States or its allies. *Answer [Document 10], Page 13, ¶ 10.*

8. On or about February 2, 2009, Mr. Smith enlisted in the United States Army. *Answer [Document 10], Page 13, ¶ 12.*

9. On or about May 18, 2010, the Rhode Island Family Court entered a Final Judgment of Divorce from the bonds of matrimony between the defendant and Mr. Smith. *Answer [Document 10], Page 14, ¶ 14.*

10. A true and accurate copy of the Property Settlement Agreement ("PSA") made part of the divorce between the defendant and Mr. Smith is attached to the Complaint as Exhibit C. *Answer [Document 10], Page 14, ¶ 15.* See also, *Exhibit 3* submitted herewith.

11. Paragraph 11 of the PSA unequivocally states, among other things, that at all times material hereto the defendant remained and remains the sole owner of the Property and that the defendant remained and remains solely responsible for the payment of any mortgages, real estate taxes, homeowner's insurance, and all other expenses pertaining to the Property. *Exhibit 3, Page 5, ¶ 11.*

12. Paragraph 13 of the PSA unequivocally states, *inter alia*, that the defendant and Mr. Smith are capable of supporting themselves without the assistance of the other," that they "waived alimony permanently," and that they forever waived their respective "right to seek and receive alimony and support from each other." *Exhibit 3, Page 5, ¶ 13*.

13. Starting on or about February 9, 2012, the defendant repeatedly failed to pay her mortgage pursuant to the terms of the promissory note. See *Notice of Default and of Mortgagee's Right to Foreclose*, submitted herewith as *Exhibit 4*. See also, *Affidavit of Colleen Menzies*, ¶ 8, submitted herewith.

14. Her loan was placed in default and cured several times until October 4, 2019, when Webster declared another default and accelerated the loan. See *Notice of Default and of Intent to Foreclose*, submitted herewith as *Exhibit 5*. See also, *Affidavit of Colleen Menzies*, ¶ 10.

15. On June 11, 2013, the defendant was discharged in bankruptcy in Chapter 7 proceedings, Case No. 1:13-bk-10642, filed in the United States Bankruptcy Court for the District of Rhode Island. *Answer [Document 10], Page 14, ¶ 21*.

16. As a result, Webster's remedies on default to collect the amounts due Webster from the defendant are limited to the Property. *Answer [Document 10], Page 14, ¶ 21*. See also *Affidavit of Colleen Menzies*, ¶ 13.

17. The defendant has made no payments for over a decade and has been in continuous default for her January 1, 2014 installment payment. *Exhibit 5*. See *Affidavit of Colleen Menzies*, ¶ 14.

18. As a result of the defendant's default, Webster sought to exercise its remedies to collect the amounts due Webster, including its exercise of the statutory power of sale contained

in the Mortgage and the foreclosure of the defendant's right of redemption to the Property. *Answer [Document 10], Page 14, ¶ 17*. See *Affidavit of Colleen Menzies*, ¶ 15.

19. After receiving Webster's October 4, 2019 default notice, the defendant secured a statement from the Department of the Army that, as the defendant receives 56% of Mr. Smith's income, that she qualifies as a dependent. See *Memorandum from the Department of the Army dated November 14, 2019*, submitted herewith as *Exhibit 6*.

20. Upon receiving the letter from the Army, Webster acted in good faith and placed all collection efforts on hold. See *Affidavit of Colleen Menzies*, ¶ 18.

21. On December 16, 2021, Webster, through its attorneys Orlans PC, made a renewed demand upon the defendant for payment on its accelerated loan debt. See *Collection Letter* submitted herewith as *Exhibit 7*.

22. In response to its Collection Letter, Webster received a second notice from the Department of the Army asserting that the defendant is protected by the SCRA. See *Memorandum from the Department of the Army dated January 5, 2022*, submitted herewith as *Exhibit 8*.

23. Webster conducted an investigation and determined that such assertion was likely untrue. See *Affidavit of Colleen Menzies*, ¶ 23.

24. In her answer to the plaintiff's Interrogatory No. 4 (see *Exhibit 9*), the defendant declared under oath that all facts supporting her claim that she is entitled to the protections of the Servicemembers Civil Relief Act are set forth in Exhibits 1, 2, and 3 attached to her Answer. See *Response to the Plaintiff's First Set of Interrogatories, Pages 4-5*, submitted herewith as *Exhibit 10*.

25. A review of Exhibits 1, 2, and 3 attached to the defendant's Answer reveals no facts or factual evidence that she has ever received more the fifty percent (50%) of her income from Mr. Smith.  *See, Exhibits to Answer [Document 10-1], Pages 1-11*.

26. In her answer to Interrogatory No. 7, the defendant declared under oath that her sources of income for the years 2021 and 2022 were "Unemployment" and from being "self-employed." See *Exhibit 10, Pages 9-10.*

27. She does not claim that any portion of her income is derived from her ex-husband.  See, *Exhibit 10, Pages 9-10.*

Respectfully submitted,
WEBSTER BANK, NATIONAL ASSOCIATION,
By its attorneys,


*/s/ Brian J. Hughes*
_____
Brian J. Hughes, R.I. Bar No. 10259
Brennan, Recupero, Cascione, Scungio & McAllister LLP
362 Broadway
Providence, RI 02909
(401) 453-2300
(401) 453-2345 (fax)
bhughes@brcsm.com


Dated: June 12, 2023


## CERTIFICATE OF SERVICE

I, Brian J. Hughes, hereby certify that on June 12, 2023, I served a copy of the above document by causing the same to be electronically mailed through the ECM/CF system. I also served the defendant via electronic mail at judip5163333@gmail.com.


*/s/ Brian J. Hughes*
_____
Brian J. Hughes