**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JUDITH POMPEI-SMITH,** ) | |
| Defendant ) | |
| ) | |
| v. ) | C.A. 1:22-cv-00194-JJM-PAS |
| ) | |
| **WEBSTER BANK, NATIONAL** ) | |
| **ASSOCIATION,** ) | |
| Plaintiff ) | |

**"DEFENDANT'S   ANSWER'S"**

**TO**

**"STATEMENT  OF  UNDISPUTED  FACTS"**

**IN  SUPPORT OF PLAINTIFF'S  MOTION  FOR  SUMMARY  JUDGMENT**

Now comes the plaintiff Webster Bank, National Association ("Webster"), by and through its attorneys, who hereby submits its Statement of Undisputed Facts in support of its Motion for Summary Judgment, pursuant to Local Rule 56(a).

1. The defendant, Judith Pompei-Smith, at all times material hereto was a resident of Rhode Island. See the defendant's *Answer to Complaint* ("*Answer*"), *[Document 10] Page 12, ¶ 4*.[1]   **CORRECT**

2. The defendant, at all times material hereto, is and has been the sole owner in fee simple of the real property known and numbered 370 Larchwood Drive, Warwick, RI ("the Property"). *Answer [Document 10], Page 12, ¶ 5*. See also, *Quitclaim Deed* submitted herewith as *Exhibit 1*.   **CORRECT**

3. A true and accurate copy of the deed to the Property establishing the defendant's ownership is attached as Exhibit A to the Complaint. *Answer [Document 10], Page 13,*

¶ 6.    **CORRECT**

4. On or about February 28, 2003, in consideration for a loan made by Plaintiff to the defendant, the defendant executed a promissory note to Webster bank that was secured by a mortgage on the Property. *Answer [Document 10], Page 14, ¶ 13.* See also, *Mortgage to Webster Bank, N.A.* submitted herewith as *Exhibit 2*.    **CORRECT**

5. A true and accurate copy of the mortgage on the Property is attached to the Complaint as *Exhibit B*. *Answer [Document 10], Page 13, ¶ 8.*    **CORRECT**

6. On or about July 15, 2006, the defendant married Steven M. Smith ("Mr. Smith"). *Answer [Document 10], Page 13, ¶ 9.*    **CORRECT**

7. At the time of the marriage, Mr. Smith was a civilian and was not serving in the military services of the United States or its allies. *Answer [Document 10], Page 13, ¶ 10.* **CORRECT**

8. On or about February 2, 2009, Mr. Smith enlisted in the United States Army. *Answer [Document 10], Page 13, ¶ 12.*    **CORRECT**

9. On or about May 18, 2010, the Rhode Island Family Court entered a Final Judgment of Divorce from the bonds of matrimony between the defendant and Mr. Smith. *Answer [Document 10], Page 14, ¶ 14.* **CORRECT**

---

[1] To avoid confusion due to the numbering convention utilized by the defendant, Webster shall refer to the page numbers assigned by the PACER filing system when describing the defendant's Answer.

10. A true and accurate copy of the Property Settlement Agreement ("PSA") made part of the divorce between the defendant and Mr. Smith is attached to the Complaint as Exhibit C. *Answer [Document 10], Page 14, ¶ 15*. See also, *Exhibit 3* submitted herewith. **CORRECT**

11. Paragraph 11 of the PSA unequivocally states, among other things, that at all times material hereto the defendant remained and remains the sole owner of the Property and that the defendant remained and remains solely responsible for the payment of any mortgages, real estate taxes, homeowner's insurance, and all other expenses pertaining to the Property. *Exhibit 3, Page 5, ¶ 11*. **CORRECT – Although, this is irrelevant to the required criteria for a dependant's eligibility of SCRA protection. Please see SCRA verification letter from Webster Bank, confirming their receipt of dependant's documents from DOD.**

12. Paragraph 13 of the PSA unequivocally states, *inter alia*, that the defendant and Mr. Smith are capable of supporting themselves without the assistance of the other," that they "waived alimony permanently," and that they forever waived their respective "right to seek and receive alimony and support from each other." *Exhibit 3, Page 5, ¶ 13*. **CORRECT – The above is limited to alimony and was prior to a family member requiring medical care with the cost of monthly rental fees for medical equipment and the need to purchase medical equipment after long-term stay in a rehabilitation center due to disabilities. In addition, in 2011 Mr. Smith assigned me as his Power of Attorney, to pay his bills weekly, in case he is deployed. That establishes the defendant as a dependant, entitled to SCRA protection, as indicated by the Department of Defense and on the Consumer Financial Protection Bureau website. Please see Exhibit # 12 and**

**Exhibit #13**

13. Starting on or about February 9, 2012, the defendant repeatedly failed to pay her mortgage pursuant to the terms of the promissory note. See *Notice of Default and of Mortgagee's Right to Foreclose*, submitted herewith as *Exhibit 4*. See also, *Affidavit of Colleen Menzies*, ¶ 8, submitted herewith. **FALSE – Both the plaintiff, Webster Bank and the Affidavit of Colleen Menzies provided "false" information to this Honorable Court, regarding the defendant's repeatedly failed to pay her mortgage on or about February 9, 2012. The defendant's last payment was made on December 22, 2015. Also, the plaintiff, Webster Bank "revised" the terms of the promissory note, by increasing the defendant's monthly payment from $1,175.66 to (3 times) the amount listed in the promissory note, to $2,908.37 per month (and) the Plaintiff never contacted RESPA for approval of this, which is a requirement of the lender, as indicated in the defendant's Mortgage and in the defendant's Promissory Note. Please see Exhibit # 10 and Exhibit # 11**

14. Her loan was placed in default and cured several times until October 4, 2019, when Webster declared another default and accelerated the loan. See *Notice of Default and of Intent to Foreclose*, submitted herewith as *Exhibit 5*. See also, *Affidavit of Colleen Menzies*, ¶ 10.   **CORRECT**

15. On June 11, 2013, the defendant was discharged in bankruptcy in Chapter 7 proceedings, Case No. 1:13-bk-1 0642, filed in the United States Bankruptcy Court for the District of Rhode Island. *Answer [Document 10], Page 14, ¶ 21*.   **CORRECT**

16. As a result, Webster's remedies on default to collect the amounts due Webster from the defendant are limited to the Property. *Answer [Document 10], Page 14, ¶ 21*. See also

*Affidavit of Colleen Menzies*, ¶ 13.

**FALSE - The defendant's Chapter 7 Bankruptcy was filed in March of 2013 and the defendant's attorney listed the home as exempt from the Chapter 7 filing, as the mortgage payment to the plaintiff, Webster Bank was not in default at that time. The Chapter 7 Bankruptcy filing had absolutely nothing to do with the mortgage owed to the plaintiff, Webster Bank. The plaintiff, Webster Bank was an active creditor listed on the defendant's Credit Report and therefore the plaintiff, Webster Bank was notified of the Chapter 7 Bankruptcy filing.**

17. The defendant has made no payments for over a decade and has been in continuous default for her January 1, 2014 installment payment. *Exhibit 5.* See *Affidavit of Colleen Menzies*, ¶ 14.

    **FALSE - Both the Plaintiff, Webster Bank and the Affidavit of Colleen Menzies provided false information to this Honorable Court regarding the defendant's payments to the plaintiff, Webster Bank. The defendant, Judith Pompei-Smith did not have a decade left to the term of her mortgage.**

    **The Defendant's last payment was made on 12/22/2015 at which time there were only 3 years & 3 months left to pay, the 15 year mortgage.**

    **The plaintiff, Webster Bank has spent a decade, refusing to allow the defendant, Judith Pompei-Smith to pay her mortgage to Webster Bank, based on the terms in the Promissory Note. Please see Exhibit # 10 and Exhibit # 11**

18. As a result of the defendant's default, Webster sought to exercise its remedies to collect the amounts due Webster, including its exercise of the statutory power of sale contained in the Mortgage and the foreclosure of the defendant's right of redemption to the Property. *Answer [Document 10], Page 14, ¶ 17*. See *Affidavit of Colleen Menzies*, ¶ 15.

    **CORRECT – The plaintiff, Webster Bank has spent a decade trying to foreclose.**

**Despite the defendant, Judith Pompei-Smith's answer to Number 2 in the plaintiff, Webster Bank's First Set Of Interrogatories, Exhibit # 8, that the defendant's family member is going to refinance and hold the mortgage for the defendant, to avoid foreclosure, the plaintiff, Webster Bank has their attorney file a Motion For Summary Judgment, requesting to foreclose, based on "speculative" and "false" information. Please see <u>Exhibit</u> # 8**

19. After receiving Webster's October 4, 2019 default notice, the defendant secured a statement from the Department of the Army that, as the defendant receives 56% of Mr. Smith's income, that she qualifies as a dependent. See *Memorandum from the Department of the Army dated November 14, 2019*, submitted herewith as *Exhibit 6*.

**<u>FALSE</u>  - The defendant did not secure a statement from the Department of the Army that, as the defendant receives 56% of Mr. Smith's income, that she qualifies as a dependent.**

**The plaintiff, Webster Bank obtained a statement and documents from the Department of the Army.**

**Importantly, after defendant was given an additional week to submit this response, the defendant was able to print all documents related to this case and reconciled the army documents that the plaintiff presented with the plaintiff's Motion For Summary Judgment, and despite the plaintiff, Webster Bank receiving <u>Exhibit</u> # 12 and <u>Exhibit</u> # 13 with the documents from the Department of the Army, to date, the plaintiff has not presented those two Exhibits to the Honorable Judge.**

**\*Please note, <u>Exhibit</u> # 12 and <u>Exhibit</u> #13 satisfy the defendant's burden of proof.**

**Also, please see the letter's that the plaintiff, Webster Bank, Webster Bank's attorney at Orlans PC and RI Housing sent to the defendant, Judith Pompei-Smith with the defendant's 1st Answer, to advise the defendant she would receive SCRA protection. Please see <u>Exhibit</u> #1, <u>Exhibit</u> # 2 and <u>Exhibit</u> # 3 attached to**

**the defendant's <u>first Answer</u>.**

20. Upon receiving the letter from the Army, Webster acted in good faith and placed all collection efforts on hold. See *Affidavit of Colleen Menzies*, ¶ 18.

    **<u>CORRECT</u>**

21. On December 16, 2021, Webster, through its attorneys Orlans PC, made a renewed demand upon the defendant for payment on its accelerated loan debt. See *Collection Letter* submitted herewith as *Exhibit 7*.

    **<u>CORRECT</u> – Although thereafter, an attorney at Orlans PC sent a letter to the defendant, advising the defendant, she would receive SCRA protection.**

22. In response to its Collection Letter, Webster received a second notice from the Department of the Army asserting that the defendant is protected by the SCRA. See *Memorandum from the Department of the Army dated January 5, 2022*, submitted herewith as *Exhibit 8*.

    **<u>CORRECT</u> – <u>Exhibit</u> # 8, <u>Exhibit</u> # 12 and <u>Exhibit</u> #13 confirm the defendant's SCRA protection.**

23. Webster conducted an investigation and determined that such assertion was likely untrue. See *Affidavit of Colleen Menzies*, ¶ 23.

    **<u>FALSE</u>  - Clearly, the phrase "<u>likely untrue</u>" is a "speculative" statement provided by Affidavit of  Colleen Menzies, ¶ 23**

24. In her answer to the plaintiff's Interrogatory No. 4 (see *Exhibit 9*), the defendant declared under oath that all facts supporting her claim that she is entitled to the protections of the Servicemembers Civil Relief Act are set forth in Exhibits 1, 2, and 3 attached to her Answer. See *Response to the Plaintiff's First Set of Interrogatories, Pages 4-5*, submitted herewith as *Exhibit 10*.

    **CORRECT**

25. A review of Exhibits 1, 2, and 3 attached to the defendant's Answer reveals no facts or factual evidence that she has ever received more the fifty percent (50%) of her income from Mr. Smith. *See, Exhibits to Answer [Document 10-1], Pages 1-11*.

    **FALSE - That is an inaccurate "speculation" made by the plaintiff, Webster Bank. Exhibit's #1, 2 and 3 attached to the defendant's first Answer, provide "confirmation" from the plaintiff, Webster Bank, Webster Bank's attorney at Orlans PC and RI Housing that they received information, that confirmed the defendant received more than 50% of Mr. Smith's income.**

    **Mr. Smith's income, is not the defendant, Judith Pompei-Smith's income, it's for expenses of a disabled family member. In addition, it's used to pay Mr. Smith's bills on a weekly basis, in case he is deployed. The defendant does not receive compensation for paying Mr. Smith's bills. Mr. Smith only has 2 living family members, one isn't an adult and the other lives south, so this is the defendant's duty with honor for a servicemember.**

26. In her answer to Interrogatory No. 7, the defendant declared under oath that her sources of income for the years 2021 and 2022 were "Unemployment" and from being "self-employed." See *Exhibit 10, Pages 9-10*.

    **CORRECT – Mr. Smith's income, is not the defendant's income. Please see Exhibit # 12 and Exhibit # 13.**

27. She does not claim that any portion of her income is derived from her ex-husband. See, *Exhibit 10, Pages 9-10.*

   **CORRECT – Mr. Smith's income, is not the defendant's income. Please see Exhibit # 12 and Exhibit # 13.**

**ALL OF THE ANSWERS ABOVE WERE PROVIDED BY THE DEFENDANT, JUDITH POMPEI-SMITH ON JUNE 26, 2023**

*Judith Pompei-Smith*                             6/26/2023

**Signature Under Oath                             DATE**

**Judith Pompei-Smith, Pro se, Defendant**

June 26, 2023

## CERTIFICATE OF SERVICE

I, Judith Pompei-Smith, hereby certify that on June 26, 2023, I served a copy of the above document by causing the same to be mailed via electronic mail upon the following:

Attorney Brian Hughes
362 Broadway
Providence, RI 02909
E-Mail: Bhughes@brcsm.com

*Judith Pompei – Smith*

**Judith Pompei-Smith, Defendant, Pro se**

370 Larchwood Drive
Warwick, RI 02886
(401) 578-8331
E-Mail: JudiP5163333@Gmail.com