UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WEBSTER BANK, NATIONAL ASSOCIATION,<br>    Plaintiff,<br><br>v.<br><br>JUDITH POMPEI-SMITH,<br>    Defendant,<br><br>and<br><br>CITIZENS BANK,<br>    Intervenor. | )<br>)<br>)<br>)<br>)   C.A. 1:22-cv-00194-JJM-PAS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

NOW COMES Webster Bank, National Association, through its attorneys, who respectfully submits to this Honorable Court its Memorandum in Support of its *Motion for Summary Judgment*, submitted herewith.

### STATEMENT OF FACTS

The defendant, Judith Pompei-Smith, is a resident of Rhode Island and the sole owner in fee simple of the real property known and numbered 370 Larchwood Drive, Warwick, RI ("the Property"). *Statement of Undisputed Facts in Support of Plaintiff's Motion for Summary Judgment* ("SOF"), ¶ 1-2. A true and accurate copy of the deed to the Property establishing the defendant's ownership is submitted herewith as *Exhibit 1*. SOF, ¶ 5. On or about February 28, 2003, in consideration for a loan made by Plaintiff to the defendant, the defendant executed a promissory note to Webster bank that was secured by a mortgage on the Property. SOF, ¶ 4. A true and accurate copy of the mortgage is submitted herewith as *Exhibit 2*. SOF, ¶ 7.

1

On or about July 15, 2006, the defendant married nonparty Steven M. Smith. SOF, ¶ 6. At the time of the marriage, Mr. Smith was a civilian and was not serving in the military services of the United States or its allies. SOF, ¶ 7. On or about February 2, 2009, Mr. Smith enlisted in the United States Army. SOF, ¶ 8. Just over a year later, on or about May 18, 2010, the Rhode Island Family Court entered a Final Judgment of Divorce, terminating the defendant's marriage to Mr. Smith. SOF, ¶ 9. At no time prior to or during the marriage did the defendant convey title to the Property to Mr. Smith. The defendant remained the sole title owner to the Property throughout. SOF, ¶ 11. As part of the divorce proceedings, the defendant and Mr. Smith executed a Property Settlement Agreement ("PSA"), a true and accurate copy of which is submitted herewith as *Exhibit 3*. Paragraph 11 of the PSA unequivocally states, among other things, that the defendant "is awarded exclusive use and title to the real estate located at 370 Larchwood Drive, Warwick, Rhode Island." *Exhibit 3, Page 5, Paragraph 11.* In addition, Paragraph 13 of the PSA states, among other things, that the defendant and Smith "are both employed and capable of supporting themselves without the assistance of the other," and that they waived alimony permanently. *Id., at Paragraph 13*.

Starting on or about February 9, 2012, the defendant repeatedly failed to pay her mortgage pursuant to the terms of the promissory note. SOF, ¶ 13. Her loan was placed in default (see *Exhibit 4*) and cured several times until October 4, 2019, when Webster declared a default and accelerated the loan. See *Exhibit 5*; see also, SOF, ¶ 14. During this period, the defendant filed for Chapter 7 bankruptcy protection. On June 11, 2013, she received a discharge from the United States Bankruptcy Court for the District of Rhode Island. SOF, ¶ 15. As a result of the bankruptcy discharge, Webster's default remedies are limited to the on the Property. SOF, ¶ 16. The defendant

2

has made no payments for over a decade and has been in continuous default for her January 1, 2014 installment payment. SOF, ¶ 14.

After receiving Webster's October 4, 2019 default notice, the defendant asserted that she is protected from foreclosure because she is a dependent of Mr. Smith as defined in the Servicemembers' Civil Relief Act ("SCRA"). SOF, ¶ 19. Ms. Smith secured a statement from the Department of the Army that, as the defendant receives 56% of Mr. Smith's income, that she qualifies as a dependent. *Exhibit 6*. Upon receiving the letter from the Army, Webster acted in good faith and placed all collection efforts on hold. SOF, ¶ 20. The onset of the global pandemic further delayed a resolution of this issue, but in late 2021, Webster sought to collect on the defaulted loan. See, *Exhibit 7*; see also, SOF, ¶ 21. Upon receipt of a second notice from the Army asserting that the defendant is protected by the SCRA, Webster conducted an investigation and determined that such assertion was likely untrue. See, *Exhibit 8*; see also, SOF, ¶ 23.

Out of an abundance of caution, Webster instituted this suit seeking a declaration as to the rights of the parties relative to the SCRA. The defendant answered and counterclaimed, alleging violations of the Real Estate Settlement Procedures Act and the Fair Credit Reporting Act, but those counterclaims were dismissed on Webster's Motion. *See* Docket Entry Dated August 30, 2022. Discovery ensued and the defendant provided both answers to interrogatories and responses to document requests. The defendant sought no discovery from Webster and the discovery deadline expired on March 30, 2023.

In the defendant's responses to Webster's Interrogatory No. 4 and to Webster's Request for Production No. 9, both of which requested facts and documentation supporting her claim that she is entitled to the protections of the SCRA, the defendant asserted that those facts and that

3

documentation is to be found in Exhibits 1, 2, and 3 attached to her Answer to the Complaint. SOF, ¶ 24. A review of said Exhibits 1, 2, and 3 reveal no facts or factual evidence that she has ever been entitled to the protection of the Servicemembers Civil Relief Act based upon Mr. Smith's military service. SOF, ¶ 25-27

ARGUMENT

### I. Standard of Review Under Federal Rule of Civil Procedure 56

Rule 56 of the Federal Rules of Civil Procedure controls in deciding whether a party is entitled to summary judgment. Per Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. More particularly, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[M]ere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247·48 (1986)(emphasis in original). Thus, the issue must be genuine and material. See *Id*. "In this context, 'genuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party…'[M]aterial' means that the fact is one that might affect the outcome of the suit under the governing law." *Morris v. Gov't Dev. Bank of P.R.*, 27 F.3d 746, 748 (1st Cir. 1994) (citations omitted) (internal quotation marks omitted). When deciding whether the Court should grant summary judgment, the Court

must "view the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor." *Barbour v. Dynamics Rsch. Corp.*, 63 F.3d 32, 36 (1st Cir. 1995).

Additionally, the moving party must be entitled to judgment as a matter of law. The moving party is "entitled to a judgment as a matter of law [if] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323 (citations omitted) (internal quotations omitted). The Court decides this latter element by evaluating "whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." *Anderson*, 477 U.S., at 252 (quoting *Improvement Co. v. Munson*, 14 Wall. 442 (1872)(emphasis in original).

## II. An Actual Controversy as to the Application of Federal Law Exists Entitling the Parties to a Declaration of their Rights Thereunder

Webster brought this suit pursuant to the Declaratory Judgment Act, 28 U.S.C., § 2201(a). Per the Act:

> In a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C., § 2201. Here there is an actual controversy as to whether the SCRA protects the defendant and bars Webster from foreclosing its mortgage on the Property. This controversy is within the Court's jurisdiction, as the SCRA is a federal statute that allows persons seeking its protection to petition a federal court for relief. Specifically, the SCRA states:

> Upon application to a court, a dependent of a servicemember is entitled to the protections of this subchapter if the dependent's ability to comply with a lease, contract, bailment, or other obligation is materially affected by reason of the servicemember's military service.

5

50 U.S.C., § 3959.  Although the defendant has not made a direct application to the Court for a determination that she is entitled to the protections of the SCRA, she has raised the SCRA as a defense to Webster's attempt to foreclose on the Property.  As it is Webster's contention that the defendant is not protected by the SCRA, there exists an actual controversy with respect to the law's application to the defendant.  As a result, the Declaratory Judgment Act grants the Court jurisdiction to declare the parties' rights in this case.

### III. The Defendant is Not Protected by the SCRA as She is Neither a Servicemember Nor a Dependent of a Servicemember

There is no contention that the defendant is in the military service of the United States or its allies or that she is entitled to any protections due to her own service.  Rather, the question before the Court is whether the defendant qualifies as a dependent of a servicemember.  The SCRA defines a "dependent" of a servicemember as:

> (A) the servicemembers' spouse;
> (B) the servicemembers' child (as defined in section 101(4) of Title 38);
> (C) an individual for whom the servicemember provided more than one-half of the individual's support for 180 days immediately preceding an application for relief under this chapter.

50 U.S.C., § 3911(4).  The defendant has admitted that she is no longer the spouse of Mr. Smith, they having divorced in 2010.  Clearly, the defendant is not Mr. Smith's child.  As a result, she is not entitled to the protections of the SCRA granted by subsections (A) and (B) above.  This leaves the question as to whether the plaintiff is a dependent by virtue of her receiving more than one-half of her financial support from Mr. Smith.  If that fact is established, then the plaintiff is protected by the Act and Webster cannot foreclose on the property in the normal course.  If that

6

fact is not supported by the evidence, then Webster is entitled to a judicial declaration that it is not prohibited from foreclosing its mortgage by virtue of the Act.

The evidence is clear that the defendant does not receive more than one-half of her income from Mr. Smith. First, the defendant does not assert that she receives any income from him whatsoever. In interrogatories propounded by Webster pursuant to Fed. R. Civ. P. 33, Webster requested the following from the defendant:

> INTERROGATORY NO. 7:
>
> Please list income for the years 2021 and 2022 including in your answer the sources of each item of income.

See *Exhibit 9*. The defendant responded as follows:

> The above-listed question has been asked by the Plaintiff, Webster Bank one (1) time since filing Complaint C.A. 1:22-cv-00194-JJM-PAS and was answered by the Defendant, Judith Pompei-Smith one (1) time.
>
> The Defendant, Judith Pompei-Smith reiterates, due to the Coronavirus Covid-19 pandemic and my high-risk health status, **I collected Unemployment for 10 to 11 months during 2021**.
>
> An extension to file my 2021 income taxes was filed. Although, the accountant/tax filing office staff are still behind and to date, have not filed my 2021 income taxes.
>
> **Being self-employed during most of 2022** it is impossible for me to provide a total income received, without an accountant completing my 2022 income taxes.
>
> After my, the Defendant's 2021 and 2022 income taxes are filed, I, the Defendant, Judith Pompei-Smith will provide requested after the Court agrees to seal this information, upon receipt.

See *Exhibit 10* (emphasis added). Although the defendant has not provided her 2021 and 2022 tax returns to Webster, such is unnecessary for the adjudication of this case. This is because her answer to Interrogatory No. 7 declares under oath that her sources of income for the years 2021 and 2022 were "Unemployment" and from being "self-employed." *Id.* She does not claim that

7

any portion of her income is derived from her ex-husband. Because no portion of her income is derived from a servicemember, she is not a dependent as defined in Section 3911(4)(C) of the SCRA and cannot claim the benefits of a dependent. Accordingly, Webster is entitled to a declaration that the SCRA does not bar it from foreclosing its mortgage on the Property.

CONCLUSION

For the foregoing reasons, Webster Bank, N.A. respectfully requests that this Honorable Court enter judgment in its favor and against the defendant Judith Pompei-Smith and issue a declaration that the defendant Judith Pompei-Smith is not subject to the protections of the Servicemembers' Civil Relief Act and that Webster Bank, N.A. can foreclose its mortgage on the property known as 370 Larchwood Drive, Warwick, Rhode Island.

Respectfully submitted,
WEBSTER BANK, NATIONAL ASSOCIATION,
By its attorneys,

*/s/ Brian J. Hughes*

Brian J. Hughes, R.I. Bar No. 10259
Brennan Scungio & Kresge LLP
362 Broadway
Providence, RI 02909
(401) 453-2300
(401) 453-2345 (fax)
bhughes@bskllp.com


Dated: May 3, 2024

## CERTIFICATE OF SERVICE

    I, Brian J. Hughes, hereby certify that on May 3, 2024, I served a copy of the above document by causing the same to be electronically mailed through the ECM/CF system. I also served the defendant via electronic mail at judip5163333@gmail.com.

                          /s/     *Brian J. Hughes*

                          Brian J. Hughes